UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUPER FUTURE EQUITIES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § | |
| WELLS FARGO BANK MINNESOTA, § | |
| N.A., *as Trustee of the Certificate Holders* § | CIVIL ACTION NO. 3: 06-CV-0271-B |
| *of Merrill Lynch Mortgage Investors* § | |
| *CMBS Pass Through Certificates Series* § | |
| *1999-C1*, ORIX CAPITAL MARKETS, § | |
| LLC, ORIX CAPITAL MARKETS § | |
| PARTNERSHIP, JOHN DINAN, § | |
| MICHAEL WURST, CLIFFORD § | |
| WEINER, and JAMES R. THOMPSON, § | |
| § | |
| Defendants. § | |

### ORDER

Pursuant to the Show Cause Order (doc. 295), the Court required Plaintiff to file a valid return of service for ORIX Capital Markets Partnership or show good cause why service cannot be made by July 25, 2007. In the Show Cause Order, the Court also warned Plaintiff that if it failed to file a valid return of service or show good cause then "*the claims against Orix Capital Markets Partnership may be dismissed without further notice.*" (emphasis in original).

On July 25, 2007, Plaintiff filed its Response to Show Cause Order ("Response") (doc. 297). In its Response, Plaintiff identifies some testimony about an entity called ORIX Capital Markets Operating, L.P. and an entity called ORIX Capital Markets Deferred Compensation Partnership. (*See* Pl. Emergency Mot. to Compel (doc. 90) at Ex. C at 65 (rough draft and not certified transcript); Resp. at Ex. A at 186). Defendants ORIX Capital Markets LLC, ORIX USA Corporation, John

1

Dinan, Michael Wurst, Clifford Weiner, and James Thompson contend that a "ORIX Capital Markets Partnership" does not exist and has never existed and provide an affidavit and transcript of testimony to that effect. (*See* Orix Defs. Reply at 1, Ex. B, Ex. C)

Further, Plaintiff acknowledges that materials produced by ORIX Capital Markets, LLC indicate that no separate partnership from ORIX Capital Markets, LLC exists and that Plaintiff "does not possess information at this time allowing it to serve process on a separate partnership entity." (Resp. at 2). Since, based on the information before the Court, no entity called ORIX Capital Markets Partnership exists, service of process on such an entity is impossible.[1] *See Int'l Fire & Safety, Inc. v. HC Servs., Inc.*, 2006 WL 2403496, at *1 (S.D. Miss. 2006) (service of process directed at non-existent entity is void); *Batiste v. Bonin*, 2007 WL 1791219, at *2 (W.D. La. 2007) (ordinarily, summons addressed to a non-existent entity is insufficient).

Plaintiff requests additional time so that it may determine whether ORIX Capital Markets Partnership exists.

> "[W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."

*Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original). Here, the Court finds that neither a mandatory nor a discretionary extension of time is warranted. Plaintiff has had adequate time to find out whether ORIX Capital Markets Partnership exists and to serve such an entity if it existed, it has been more than 16 months since Plaintiff filed its original complaint, the Court has

---

[1] ORIX Capital Markets, LLC has already made an appearance in this case and is named separately as a defendant.

already provided an extension of the discovery deadline, and, at the time Plaintiff filed its Response, discovery was almost closed.  Since it has been more than 120 days since Plaintiff filed its complaint and the Court has warned Plaintiff that failure to file a valid return of service may result in dismissal without further notice, the Court finds that the claims against ORIX Capital Markets Partnership should be and hereby are **DISMISSED** pursuant to Federal Rule of Civil Procedure 4(m).

    **SO ORDERED.**

    SIGNED August 2nd, 2007

    _____
    JANE J. BOYLE
    UNITED STATES DISTRICT JUDGE