

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORIX CAPITAL MARKETS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-0271-B |
| | § | |
| SUPER FUTURE EQUITIES, INC., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

## I. General Instructions

### Introduction

You have heard the evidence in this case. I will now instruct you on the law that you must

apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the

judges of the facts. Do not consider any statement that I have made in the course of trial or make

in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the

attorneys are not evidence and are not instructions on the law. They are intended only to assist the

jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should

win and then answer the questions accordingly. Do not let bias, prejudice, or sympathy play any part

in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.  Your answers and your verdict must be unanimous.

### Burden of Proof

You must answer all questions, except where I indicate otherwise, from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

### Witness Testimony

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

- 2 -

*Evidence*

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence - such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Expert Witnesses*

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has

been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

### Limiting Instruction

You will recall that during the course of this trial I instructed you that I admitted certain testimony and certain exhibits for a limited purpose. You may consider such evidence only for the specific limited purposes for which it is admitted.

### Deposition Testimony

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned the witness under oath. A court reporter was present and recorded the testimony. The questions and answers were read to you. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

### Objections and Arguments by Counsel

During the course of the trial, you have heard counsel make objections to the evidence. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not draw any inference against an attorney or his client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of any

attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, or to the introduction of any other evidence, you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if the witness was permitted to answer.

From time to time during the trial, it may have been necessary for me to talk with the attorneys out of your hearing, either by having a conference at the bench when you were present in the courtroom, or by calling a recess. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

### Spoliation

You are instructed that both Thomas Arjmandi and Cyrus Rafizadeh intentionally destroyed or intentionally failed to preserve some information on their computer hard drives. You are further instructed that Cyrus Rafizadeh intentionally failed to preserve some of the emails sent to www.predatorix.com and some of the information regarding who visited www.predatorix.com. You may, but are not required to, infer that Thomas Arjmandi and Cyrus Rafizadeh intentionally destroyed or failed to preserve this evidence because it was unfavorable to Thomas Arjmandi, Cyrus Rafizadeh, and/or SFE in this case.

### Cautionary Instruction

I will give you instructions regarding damages at certain points in these instructions. You

should not interpret that I have given instructions about damages as an indication in any way that I believe that a party should, or should not, win this case.

### *Stipulated Facts*

The parties have agreed, or stipulated, to the following facts. This means that both sides agree that these are facts. You must therefore treat these facts as having been proved.

### The Parties

1.    Plaintiff ORIX Capital Markets, LLC ("ORIX"), a subsidiary of ORIX USA, is a Delaware corporation with its principal place of business in Texas.

2.    Defendant Super Future Equities, Inc. ("SFE") is a Nevada corporation with its principal place of business in the State of Texas.

3.    Defendant Thomas Arjmandi ("Thomas Arjmandi"), a resident of Texas, is the president of SFE and holds shares in SFE.

4.    Defendant Keon Michael Arjmandi ("Keon Arjmandi"), a resident of Texas, is a director of SFE and holds shares in SFE.

5.    Defendant Cyrus Rafizadeh, a resident of Texas, is a shareholder in SFE and has been its treasurer and secretary.

6.    Defendant Schumann Rafizadeh is a resident of Texas.

### Predatorix

7.    The first posting on Predatorix was dated on February 13, 2006.

### CMBS Trusts

8.    The parties in Commercial Mortgage Backed Securities ("CMBS") trusts are usually (1) the real estate borrowers of the mortgage loans; (2) the mortgage loan sellers (who assign the

mortgages to a depositor); (3) the depositor (who collects and assigns the mortgages to a trust); (4) a trustee for the trust; (5) an underwriter (who markets and sells the certificates in the trust); (6) the certificate-holders (who purchase the certificates); (7) the "servicer" (or "master servicer"); and (8) the "special servicer."

9.      CMBS trusts are created to pool commercial mortgage loans and then sell the pooled loans to investors (or "certificateholders").  CMBS are bonds secured by commercial real estate mortgages.

10.     The loan sellers are paid up front for the mortgage loans, but the certificateholders are paid buy the trust over time from the income the trust is able to generate.  That income is generated as the loans are paid, and this process, known as "servicing," is managed for the trust by "servicers."  Thus, there are three phases in the life of a CMBS transaction: (1) creation of the mortgage loans; (2) securitization of the loans into a trust and the sale of certificates to investors; and (3) servicing the loans for the benefit of the trust and the certificateholders.

11.     As a first step, loan sellers negotiate and close (or "originate") individual commercial mortgage loans collateralized by commercial properties, which vary both geographically and by type of project (such as apartment buildings, hotels, shopping malls, office towers, and warehouses).

12.     A CMBS trust issues certificates for various classes of bonds that are divided by classes (also called "tranches"), which may vary in yield, duration, and payment priority.  Rating agencies assign credit ratings to various bond classes.  These ratings range from investment grade to below investment grade.

- 7 -

13.   The most subordinate class of rated certificates is sometimes referred to as the "B pieces" or "first loss pieces," which are typically sold at the greatest discount.

14.   Each month the interest received from all the pooled loans is accumulated and used to pay expenses of the trust as well as interest owed to the certificateholders, starting with those who own the highest-rated bonds, until all accrued interest on those bonds is paid.  Then interest is paid to the holders of the next-highest-rated bonds and so on.  The same thing occurs with principal as payments are received.  If there is a shortfall to contractual loan payments form the borrowers, or if the loan collateral is liquidated and does not generate sufficient proceeds to meet payments in all bond classes, the certificateholders in the most subordinate bond class may incur a loss.  Further losses affect more senior classes in reverse order of priority.

15.   After the rating agencies have done their work, the certificates are sold, and the transaction closes.  Generally, the master servicer handles day-to-day activities such as collecting payments from the borrowers, holding and disbursing escrow funds, and performing most of the routine loan-administration functions.  On the occurrence of a specified triggering event, such as default, a loan is transferred to the special servicer for closer monitoring and workout.

16.   The MLMI and the First Union Commercial Mortgage Securities, Inc. Trust, Series 1998-C2 (the "FULBBA Trust") are typical of the CMBS industry.

**FULBBA Trust**

17.   The FULBBA Trust was established in 1998.

18.   In October 1998, ORIX purchased the special servicing rights for the FULBBA Trust from Criimi Mae and became the special servicer for the FULBBA Trust.  ORIX remains the special servicer for the FULBBA Trust to this day.

19.     First Union Commercial Mortgage Securities, Inc. ("First Union") was the initial master servicer for the FULBBA Trust.

20.     In June 2000, ORIX purchased the master servicing rights for the FULBBA Trust and became the master servicer for the FULBBA Trust.

21.     ORIX remained master servicer for the FULBBA Trust until ORIX sold its master servicing duties to KeyCorp Real Estate Capital Markets, Inc. ("KeyCorp"), who assumed the role of master servicer for the FULBBA Trust on or about May 2006.

22.     Wells Fargo Bank, N.A. was the Trustee for the FULBBA Trust during all times that ORIX was a master or special servicer for the FULBBA Trust.

**MLMI Trust**

23.     The MLMI Trust was established in 1999.

24.     The MLMI PSA is dated November 1, 1999, and is signed by ORIX as master and special servicer and by Wells Fargo's predecessor as Trustee.

25.     ORIX was the master and special servicer and controlling class representative (as the owner of the majority of the "B piece" certificates) for the MLMI Trust from the outset.

26.     ORIX was the master servicer of the MLMI Trust until it sold its master servicing duties to KeyCorp Real Estate Capital Markets, Inc., who assumed the role of master servicer for the MLMI Trust on or about May 2006.

27.     Wells Fargo Bank, N.A. was the Trustee for the MLMI Trust during all times that ORIX was a master or special servicer for the MLMI Trust.

28.     ORIX remains the special servicer of the MLMI Trust to this day.

**Distribution Reports**

29.    Every month, distribution reports containing information about the Trusts, including data

such as the number of loans in bankruptcy, the aggregate amount of special servicing fees and

the aggregate amounts of aggregate trust fund expenses, were made available to

certificateholders, including SFE.

30.    The distribution reports were created from information and reports provided to Wells Fargo

by ORIX.

## II.  The Parties' Contentions

ORIX has accused SFE, Schmann Rafizadeh, Cyrus Rafizadeh, Thomas Arjmandi, and Keon Arjmandi of conspiring to defame ORIX.  According to ORIX, Defendants created the website www.predatorix.com and published false and defamatory statements about ORIX on the website. Defendants deny these allegations.

## II. ORIX's Claims

In answering Question No. 1, you are instructed as follows:

### Instructions - Libel *per se*

ORIX has filed suit seeking general damages and exemplary damages from SFE, Schumann Rafizadeh, Cyrus Rafizadeh, Thomas Arjmandi, and Keon Arjmandi because of alleged libel *per se* in the form of internet postings about ORIX on the website www.predatorix.com.

A defamatory statement is a statement that tends to injure a person's reputation. Libel is a defamatory statement published in written or graphic form. A statement is libelous *per se* if it has any of the following effects:

- injures a person's reputation so as to expose that person to public hatred, contempt, ridicule, or financial injury;

- criticizes a person's honesty, integrity, virtue, or reputation;

- accuses a person of criminal activity; or

- injures a person's business, profession or calling.

## QUESTION NO. 1:

Has ORIX proved by a preponderance of the evidence that any of the following statements are libel *per se*?   YES

Answer "Yes" or "No" for each statement.

## ANSWER NO. 1:

**A.) The statement from the March 14, 2006 "The-Pick-of-the-Week" page on**

**www.predatorix.com.**

"ORIX is determined to recover. So determined in fact, that they are willing to spend more in the pursuit of recovery, than the recovery itself .... ORIX spent over \$22M to recover \$19.4M, smooth. Very smooth."

Answer "Yes" or "No"        No

**B.) The statements from the "About" page of www.predatorix.com from March 30,**

**2006.**

"This website is dedicated to all the victims of Wells Fargo & ORIX's predatory lending and discriminatory practices including;

1) All borrowers and guarantors who lost assets, were stripped of equity, incurred physical and emotional injuries, or lost their lives upon loss of their life-time earnings.

2) All investors who have lost their pension funds and retirement investments in CMBS bonds (certificateholders).

3) All tenants of the seized commercial and residential properties who suffered neglect and mismanagement at the hands of Receiver/Keepers of the seized properties due to health and safety violations, fires, shootings, theft or drowning.

Especially David Pena of Empire Center Dallas, who died of a heart attack after this property was seized and Justin & Daren Ruffin, twin brothers that drowned in a seized apartment's pool."

Answer "Yes" or "No"        YES

**C.) Any of the statements contained in the "DOJ Powerpoint" listed below and**

**published on www.predatorix.com on September 9, 2006.**

"Orix Corporation Report to U.S. DOJ RICO Violations"

- The "2002 Orix Fee Income Calculations" page. (Plaintiff's Exhibit 17, ORIX-SFE079935)

- "ORIX and WFC Bypass Federal & State Lending and Collection Laws." (Plaintiff's Exhibit 17, ORIX-SFE079953)

- The "Orix Take Over of Key Roles" pages. (Plaintiff's Exhibit 17, ORIX-SFE079959)

- The "Orix-Wells Fargo Racket's Damaged Parties" pages. (Plaintiff's Exhibit 17, ORIX-SFE079962)

- The "Orix-Wells Fargo Racket's Damages Parties in MLMI & FULBA" pages. (Plaintiff's Exhibit 17, ORIX-SFE079963)

- "Orix Illegally invests in B-Pieces by buying the entire classes to become controlling class, then as Special Servicer makes distributions to itself by loaning money to REMIC Trust, thus converting REMIC Assets to ORIX's." (Plaintiff's Exhibit 17, ORIX-SFE079965)

- "As Servicer Orix advances (loans) to Trust to Pay Orix as investor. This allows Orix to put a dollar into Trust and take two dollars back plus interests." (Plaintiff's Exhibit 17, ORIX-SFE079966)

- Assertion ORIX has caused "REMIC Violations." (Plaintiff's Exhibit 17, ORIX-SFE079995 – ORIX-SFE079995)

- The statements that ORIX is "Hiding Prohibited Income," and that "Breach of Contract Lawsuits Not Repurchase Demands to Enrich Orix Violates REMIC Codes." (Plaintiff's Exhibit 17, ORIX-SFE079994)

- The statements "SEC Disclosure Violations," and "Covert Take Over of Special Servicing and Controlling Class Status Conflict of Interests Damages Certificateholders." (Plaintiff's Exhibit 17, ORIX-SFE079996)

- The statements "CMBS Violations," and "Abusing the disabled CMBS Trusts to enrich Trustee and Servicer (WFC & Orix)." (Plaintiff's Exhibit 17, ORIX-SFE079997)

- The statement "Secret Formation of Partnerships by Orix Principals to Takeover B-Piece Certificates to lift Orix to Controlling Class to Disable CMBS Controls." (Plaintiff's Exhibit 17, ORIX-SFE079998)

- The statement "Tax Code Violations." (Plaintiff's Exhibit 17, ORIX-SFE079999)

- The pages and charts regarding "Tax Evasion." (Plaintiff's Exhibit 17, ORIX-

SFE0800000 - ORIX-SFE080003)

- The statements "Tax Fraud," and "Hides Prohibited REMIC Income." (Plaintiff's Exhibit 17, ORIX-SFE080005)

- The statement "Illegal Transfer of Settlement Proceeds, violates REMIC Trust - Trust Income Never Makes It to the Trust." (Plaintiff's Exhibit 17, ORIX-SFE080008)

- The statement that "while the settlement was made on behalf of the Trust, the money went straight into an Orix Operating Account, then reclassified." (Plaintiff's Exhibit 17, ORIX-SFE080009)

- The "ORIX REMIC Violations" page. (Plaintiff's Exhibit 17, ORIX-SFE080010)

- The statement "Orix Forecloses 20 X Higher than Market," and accompanying chart. (Plaintiff's Exhibit 17, ORIX-SFE080014)

- The statements regarding "Tax Fraud," "Pursue[s] Prohibited Income," "Falsify Returns Cover-up Income," "Has Proven Prohibited Income," and "Reclassified Taxable from 100% to 0%." (Plaintiff's Exhibit 17, ORIX-SFE080019)

- Statement regarding "Tax Fraud" by association with KPMG. (Plaintiff's Exhibit 17, ORIX-SFE080020)

- The statements "Trusts Prohibited Income," and "Hiding Prohibited Income." (Plaintiff's Exhibit 17, ORIX-SFE080029 - ORIX-SFE080030)

- The statement "Pocketing Entire Proceeds, Tax Free." (Plaintiff's Exhibit 17, ORIX-SFE080031)

- The statements "Admitted Non-REMIC Prohibited Income," "Other Activity Clearly Outside REMIC (LFC)," and "Other Tax Code Violations (1066 Accrual)." (Plaintiff's Exhibit 17, ORIX-SFE080041)

- The statements "SEC Violations," "Failure to file 10k reports since 2001," Failure to Disclose Critical Data," "Insider Trading," and "Market Timing and Manipulation." (Plaintiff's Exhibit 17, ORIX-SFE080043)

- The statements "Discrimination in CMBS Against Borrowers" and "Discrimination in CMBS Against Guarantors." (Plaintiff's Exhibit 17, ORIX-SFE080064)

- The statement "Targeted Based on National Origin to foreclose on Middle eastern

Borrowers after 9/11."  (Plaintiff's Exhibit 17, ORIX-SFE080064.01)

Answer "Yes" or "No"        YES

If you answered "Yes" for any of the statements in question 1-A through 1-C, proceed to Question

No. 2; otherwise, do not answer any further questions, and go to page 34.

In answering Question No. 2, you are instructed as follows:

## Instructions - Publication

A defamatory statement must be "published" to a third party capable of understanding its defamatory import and in a manner the third party understands. "Publication" means any communication of the defamatory statement to a person other than the Plaintiff who is capable of understanding the defamatory implication of those words.

With respect to SFE, a corporation can act through its agents, officers, or vice-principals. A vice-principal is a person who has the authority to hire, discharge, and direct employees of the corporation or who has the authority to manage the entire corporation or a department or division of its business. A corporation may be held responsible for an act by its agent, officer, or vice-principal if such act was performed in the discharge of a duty to the corporation.

## QUESTION NO. 2:

Did ORIX prove by a preponderance of the evidence that one or more of the Defendants published the following defamatory statements?   YES

Answer "Yes" or "No" next to each Defendant. Answer only for each statement you answered "Yes" to in Question No. 1.

**ANSWER NO. 2:**

A.) The statements from the March 14, 2006 "The Pick-of-the-Week" page on www.predatorix.com.

| | |
|---|---|
| Super Future Equities, Inc. | Yes |
| Schumann Rafizadeh | Yes |
| Cyrus Rafizadeh | Yes |
| Thomas Arjmandi | No |
| Keon Michael Arjmandi | No |

B.) The statements from the "About" page of www.predatorix.com from March 30, 2006.

| | |
|---|---|
| Super Future Equities, Inc. | Yes |
| Schumann Rafizadeh | Yes |
| Cyrus Rafizadeh | Yes |
| Thomas Arjmandi | Yes |
| Keon Michael Arjmandi | No |

C.) Any of the statements contained in the "DOJ Powerpoint" posted on www.predatorix.com on September 9, 2006.

| | |
|---|---|
| Super Future Equities, Inc. | Yes |
| Schumann Rafizadeh | Yes |
| Cyrus Rafizadeh | Yes |
| Thomas Arjmandi | Yes |
| Keon Michael Arjmandi | No |

If you answered "Yes" for any of the Defendants in Question 2-A through 2-C, proceed to Question

No. 3; otherwise, do not answer any further questions, and go to page 34.

In answering Question No. 3, you are instructed as follows:

<b>Instructions - Truth</b>

A defamatory statement is not actionable if the Defendants prove by a preponderance of the evidence that the statement is substantially true.  In evaluating whether a statement is substantially true, you are to look to the essence of the statement.  Minor inaccuracies do not amount to falsity.  However, if the statement, viewed in its entirety, would have a different effect on the mind of the average listener than a true statement would, the statement is false.

## QUESTION NO. 3:

Did SFE, Schumann Rafizadeh, Cyrus Rafizadeh, Houman Thomas Arjmandi, or Keon Michael Arjmandi prove, by a preponderance of the evidence, that the following statements posted on www.predatorix.com are substantially true?

Answer "Yes" or "No."  Answer only for each statement you answered "Yes" to in Question No. 1.

## ANSWER NO. 3:

**A.) The statements from the March 14, 2006 "The-Pick-of-the-Week" page on www.predatorix.com.**

Answer "Yes" or "No"        _____

**B.) The statements from the "About" page of www.predatorix.com from March 30, 2006.**

Answer "Yes" or "No"        No

- 20 -

**C.) Any of the statements contained in the "DOJ Powerpoint" posted on www.predatorix.com on September 9, 2006.**

"Orix Corporation Report to U.S. DOJ RICO Violations"

      Answer "Yes" or "No"    No

- The "2002 Orix Fee Income Calculations" page.  (Plaintiff's Exhibit 17, ORIX-SFE079935)

      Answer "Yes" or "No"    No

- "ORIX and WFC Bypass Federal & State Lending and Collection Laws." (Plaintiff's Exhibit 17, ORIX-SFE079953)

      Answer "Yes" or "No"    No

- The "Orix Take Over of Key Roles" pages.  (Plaintiff's Exhibit 17, ORIX-SFE079959)

      Answer "Yes" or "No"    No

- The "Orix-Wells Fargo Racket's Damaged Parties" pages.  (Plaintiff's Exhibit 17, ORIX-SFE079962)

      Answer "Yes" or "No"    No

- The "Orix-Wells Fargo Racket's Damages Parties in MLMI & FULBA" pages.  (Plaintiff's Exhibit 17, ORIX-SFE079963)

      Answer "Yes" or "No"    No

- "Orix Illegally invests in B-Pieces by buying the entire classes to become controlling class, then as Special Servicer makes distributions to itself by loaning money to REMIC Trust, thus converting REMIC Assets to ORIX's." (Plaintiff's Exhibit 17, ORIX-SFE079965)

      Answer "Yes" or "No"    No

- "As Servicer Orix advances (loans) to Trust to Pay Orix as investor. This allows Orix to put a dollar into Trust and take two dollars back plus interests." (Plaintiff's Exhibit 17, ORIX-SFE079966)

  Answer "Yes" or "No"      No

- Assertion ORIX has caused "REMIC Violations." (Plaintiff's Exhibit 17, ORIX-SFE079995 – ORIX-SFE079995)

  Answer "Yes" or "No"      No

- The statements that ORIX is "Hiding Prohibited Income," and that "Breach of Contract Lawsuits Not Repurchase Demands to Enrich Orix Violates REMIC Codes." (Plaintiff's Exhibit 17, ORIX-SFE079994)

  Answer "Yes" or "No"      No

- The statements "SEC Disclosure Violations," and "Covert Take Over of Special Servicing and Controlling Class Status Conflict of Interests Damages Certificateholders." (Plaintiff's Exhibit 17, ORIX-SFE079996)

  Answer "Yes" or "No"      No

- The statements "CMBS Violations," and "Abusing the disabled CMBS Trusts to enrich Trustee and Servicer (WFC & Orix)." (Plaintiff's Exhibit 17, ORIX-SFE079997)

  Answer "Yes" or "No"      No

- The statement "Secret Formation of Partnerships by Orix Principals to Takeover B-Piece Certificates to lift Orix to Controlling Class to Disable CMBS Controls." (Plaintiff's Exhibit 17, ORIX-SFE079998)

  Answer "Yes" or "No"      No

- The statement "Tax Code Violations." (Plaintiff's Exhibit 17, ORIX-SFE079999)

  Answer "Yes" or "No"      No

- The pages and charts regarding "Tax Evasion." (Plaintiff's Exhibit 17, ORIX-SFE0800000 - ORIX-SFE080003)

  Answer "Yes" or "No"      No

- 22 -

- The statements "Tax Fraud," and "Hides Prohibited REMIC Income." (Plaintiff's Exhibit 17, ORIX-SFE080005)

  Answer "Yes" or "No"    No

- The statement "Illegal Transfer of Settlement Proceeds, violates REMIC Trust - Trust Income Never Makes It to the Trust." (Plaintiff's Exhibit 17, ORIX-SFE080008)

  Answer "Yes" or "No"    No

- The statement that "while the settlement was made on behalf of the Trust, the money went straight into an Orix Operating Account, then reclassified." (Plaintiff's Exhibit 17, ORIX-SFE080009)

  Answer "Yes" or "No"    No

- The "ORIX REMIC Violations" page. (Plaintiff's Exhibit 17, ORIX-SFE080010)

  Answer "Yes" or "No"    No

- The statement "Orix Forecloses 20 X Higher than Market," and accompanying chart. (Plaintiff's Exhibit 17, ORIX-SFE080014)

  Answer "Yes" or "No"    Yes

- The statements regarding "Tax Fraud," "Pursue[s] Prohibited Income," "Falsify Returns Cover-up Income," "Has Proven Prohibited Income," and "Reclassified Taxable from 100% to 0%." (Plaintiff's Exhibit 17, ORIX-SFE080019)

  Answer "Yes" or "No"    No

- Statement regarding "Tax Fraud" by association with KPMG. (Plaintiff's Exhibit 17, ORIX-SFE080020)

  Answer "Yes" or "No"    No

- The statements "Trusts Prohibited Income," and "Hiding Prohibited Income." (Plaintiff's Exhibit 17, ORIX-SFE080029 - ORIX-SFE080030)

  Answer "Yes" or "No"    No

- The statement "Pocketing Entire Proceeds, Tax Free." (Plaintiff's Exhibit 17, ORIX-SFE080031)

    Answer "Yes" or "No"    No

- The statements "Admitted Non-REMIC Prohibited Income," "Other Activity Clearly Outside REMIC (LFC)," and "Other Tax Code Violations (1066 Accrual)." (Plaintiff's Exhibit 17, ORIX-SFE080041)

    Answer "Yes" or "No"    No

- The statements "SEC Violations," "Failure to file 10k reports since 2001," Failure to Disclose Critical Data," "Insider Trading," and "Market Timing and Manipulation." (Plaintiff's Exhibit 17, ORIX-SFE080043)

    Answer "Yes" or "No"    No

- The statements "Discrimination in CMBS Against Borrowers" and "Discrimination in CMBS Against Guarantors." (Plaintiff's Exhibit 17, ORIX-SFE080064)

    Answer "Yes" or "No"    No

- The statement "Targeted Based on National Origin to foreclose on Middle eastern Borrowers after 9/11." (Plaintiff's Exhibit 17, ORIX-SFE080064.01)

    Answer "Yes" or "No"    No

If you answered "No" for any of the statements in Question No. 3-A through 3-C, proceed to Question No. 4; otherwise, do not answer any further questions, and go to page 34.

In answering Question No. 4, you are instructed as follows:

### Instructions - Libel *per se* - Damages

If you find that ORIX has proven SFE, Schumann Rafizadeh, Cyrus Rafizadeh, Thomas Arjmandi, or Keon Arjmandi have committed libel *per se*, then you may presume harm to ORIX and award general damages. General damages include compensation for the injury to the Plaintiff's character or reputation and other similar wrongs.

In determining the amount of damages, if any, to be awarded for the Defendant's(s') defamation, you may consider the following:

- The character of the Plaintiff and its general standing and reputation in the community;

- The character of the defamatory publication and the probable effect of the language used as well as the effect which it is proved to have had;

- The area of dissemination and the extent and duration of the circulation of the defamatory statements;

- An unsuccessful plea of truth as a defense;

- Plaintiff's trade, business, or profession;

- All material facts and circumstances under which the libelous publication was made;

- All facts and circumstances under which the libelous publication was made; and

- Any public apology, correction, or retraction of the libelous matter made and published by the Defendant(s).

Do not add any amount for interest. In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery

may or may not be.  Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

## QUESTION NO. 4:

What sum of money, if any, paid now in cash, would fairly and reasonably compensate ORIX for its presumed damages arising from statements you found defamatory in Question 1-A through 1-C?  $ 1 Million

Answer in dollars and cents for each Defendant for which your Answer was "Yes" in response to Question 2-A through 2-C.  In assessing the amount, you should only consider those statements for which you answered "Yes" to in Question 1-A through 1-C, and "No" to in Question 3-A through 3-C.

## ANSWER NO.4:

Super Future Equities, Inc.    $ 250,000

Schumann Rafizadeh    $ 1 million

Cyrus Rafizadeh    $ 1 million

Thomas Arjmandi    $ 250,000

Keon Michael Arjmandi    $ 0.00

In answering Question No. 5, you are instructed as follows:

### Instructions - Civil Conspiracy

ORIX also contends that the Defendants have worked together in a conspiracy to commit the previously accused acts of libel *per se*.

A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. To be liable for conspiracy, a party must be shown to have intended to do more than engage in the conduct that resulted in the injury. It must be shown that the party intended to cause the injury through the unlawful conduct accomplished by unlawful means, or that the party was aware of the harm likely to result from such conduct.

## QUESTION NO. 5:

Were any of the Defendants part of a conspiracy to defame ORIX?

YES

Answer "Yes" or "No" next to each Defendant.

## ANSWER NO. 5:

| | |
|---|---|
| Super Future Equities, Inc. | YES |
| Schumann Rafizadeh | YES |
| Cyrus Rafizadeh | YES |
| Thomas Arjmandi | YES |
| Keon Michael Arjmandi | No |

Proceed to Question 6.

- 27 -

In answering Question No. 6, you are instructed as follows:

### Instructions - Exemplary Damages

ORIX Capital Markets, LLC contends that the harm it suffered from Defendants' alleged defamation was caused by malice, which may result in exemplary damages. The Defendants deny that they acted with malice.

"Malice" means:

1.      a specific intent by Defendant(s) to cause substantial injury or harm to the Plaintiff;

        or

2.      an act or omission by Defendant(s),

        a.      which when viewed objectively from the standpoint of the Defendant(s) at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

        b.      of which the Defendant(s) has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

You are further instructed that malice may be attributable to SFE because of an act by another defendant if, but only if:

        a.      SFE authorized the doing and the manner of the act;

        b.      Schumann Rafizadeh, Cyrus Rafizadeh, Thomas Arjmandi, or Keon Arjmandi were unfit and SFE was reckless in employing them;

        c.      Schumann Rafizadeh, Cyrus Rafizadeh, Thomas Arjmandi, or Keon Arjmandi was employed as a vice-principal and was acting in the scope of employment; or

        d.      SFE or a vice-principal of SFE ratified or approved the act.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm

belief or conviction of the truth of the allegations sought to be established.  The clear and convincing standard of proof is a higher standard of proof than preponderance of the evidence and a lesser standard than beyond a reasonable doubt.

**QUESTION NO. 6:**

Do you find by clear and convincing evidence that the harm to ORIX regarding any defamation resulted from malice on the part of Defendant(s)?

YES

Answer "Yes" or "No."

**ANSWER NO. 6:**

| | |
|---|---|
| Super Future Equities, Inc. | YES |
| Schumann Rafizadeh | YES |
| Cyrus Rafizadeh | YES |
| Thomas Arjmandi | YES |
| Keon Michael Arjmandi | No |

If you answered "Yes" for any of the Defendants, proceed to Question No. 7; otherwise, do not answer any further questions, and go to page 34.

- 29 -

In answering Question No. 7, you are instructed as follows:

### Instructions - Exemplary Damages - Amount

"Exemplary damages" means an amount that you may, in your discretion, award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are:

a.      The nature of the wrong;

b.      The character of the conduct involved;

c.      The degree of culpability of the Defendant(s);

d.      The situation and sensibilities of the parties concerned;

e.      The extent to which such conduct offends a public sense of justice and propriety;

f.      The net worth of Defendant(s).

## QUESTION NO. 7:

What sum of money, if any, if paid now in cash, should be assessed against the Defendant(s) and awarded to ORIX as exemplary damages, if any, for the conduct found in Question No. 6? Answer in dollars and cents for each person for whom your Answer was "Yes" in response to Question No. 6.

Answer in dollars and cents for each person for whom your Answer was "Yes" to in Question 6.

## ANSWER NO. 7:

Super Future Equities, Inc.      $1 million

Schumann Rafizadeh      $5 million

Cyrus Rafizadeh      $3 million

- 30 -

Thomas Arjmandi                     $1 million

Keon Michael Arjmandi              $0.00

Go to page 34.

## III. Instructions on Deliberations

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

When you retire to the jury room to deliberate your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your questions and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.   You may now retire to the jury room to conduct your deliberations.

SIGNED February 5th, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE